## JOHNSON v. WILLIAMS.

(*Nashville.*    March 6, 1896.)

ADMINISTRATION.    *Liability of next of kin for expenses of.*

A next of kin cannot be held individually liable for expenditures incurred, and professional services rendered, by an administrator in contesting for ancillary administration, and in getting possession of the property of the decedent without the State, in the absence of an express or implied contract on her part to pay the same.

---

FROM MONTGOMERY.

---

Appeal from Chancery Court of Montgomery County.    GEO. E. SEAY, Ch.

LEECH & SAVAGE and R. H. BURNEY for Johnson.

HOUSE & MERRITT, J. M. DICKINSON, VERTREES & VERTREES for Williams.

WILKES, J.    This bill is filed to charge the defendant individually for certain expenditures and professional services rendered in contesting for the administration of the estate of her son, Walker Williams, in New York.

The Chancellor gave decree for $4,451.64, of

which $2,000 represents fees allowed, and $2,451.64 represents money paid out and expenses incurred about the New York estate and administration, and defendant has appealed and assigned errors.

The cause has been heard by the Court of Chancery Appeals, and they have reversed the action of the Chancellor and dismissed the bill, and complainant has appealed to this Court.

The facts as found by the Court of Chancery Appeals are, that Walker Williams, a son of defendant, died in Montgomery County, in this State. He had but little property in Tennessee, but quite a large estate in New York, believed then to be some $100,000, but which subsequently was shown to be some $30,000 to $40,000, all in personalty. At the request of Mrs. Williams, the mother, Mr. Johnson qualified as administrator of her son in Tennessee. Mr. Johnson, after that, went to New York, expecting to get ancillary administration there. He employed counsel there to aid him, and instituted and prosecuted proceedings to remove Fielding Williams, a half brother, who had already qualified, and, after a hot litigation, it was decreed by the New York Court of final resort that Mrs. Williams, with Mr. Johnson as co-administrator, should take charge of the New York estate, the expectation being that Johnson would have entire charge of the administration. During this litigation, Mr. Johnson made four visits to New York, and paid for counsel fees and necessary expenses of the litigation,

$2,451.64, and was very active, zealous, and effective in his efforts. He went on to New York about the time the final decree was rendered, and died there suddenly. His administration was settled in Montgomery County, and, upon final settlement, the Court of Chancery Appeals reports that he was chargeable with something over $5,000. His expenses about the New York estate were presented as an offset or credit upon this $5,000 balance, but was not allowed by the Court, and no appeal was taken. This suit was then brought to hold Mrs. Williams individually responsible for the expense bill and reasonable compensation. The Court of Chancery Appeals report that they can find no evidence in the record that Mr. Johnson acted as the attorney or agent of Mrs. Williams, either express or implied, or that there was any agreement or understanding, tacit or otherwise, that she was to be liable for any fees or expenses to Mr. Johnson, and that it is clear no such thought entered the minds of either. It was evidently the expectation that Mr. Johnson would receive his expenses and compensation out of the New York estate. The Court of Chancery Appeals was of opinion that these costs and reasonable fees should be paid out of the estate of Walker Williams, and in this opinion we concur. What has become of that estate in New York is not made to appear. The only basis on which Mrs. Williams can be held individually liable is, that she either expressly or impliedly employed Mr. Johnson to render this service,

but the Court of Chancery Appeals report that they are entirely unable to find any express or implied agreement or understanding to that effect, and, hence, they reverse the decree of the Chancellor and dismiss the bill with costs. Upon this finding of facts, we can see no error in the decree of the Court of Chancery Appeals, and it is affirmed.